UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY F. WASHINGTON,

    Plaintiff,

v.                                        Case No. 3:21cv2571-MCR-HTC

NURSE JANE DOE,
OFFICER JOHN DOE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Gregory F. Washington's, amended complaint (ECF Doc. 6), which has been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.2(C). Upon review, the undersigned recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history. Namely, Plaintiff failed to disclose a prior action which dealt with the same facts involved in the instant action, related to the conditions of his confinement, and was dismissed for abuse of the judicial process.

I.  **STANDARD OF REVIEW**

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

II.  **DISCUSSION**

Plaintiff, an inmate of the Florida Department of Corrections, initiated the instant 42 U.S.C. § 1983 action in November of 2021.  ECF Doc. 1 at 6.  Plaintiff brings Eighth Amendment claims against John Doe I, a "Dorm Officer," for allowing three (3) inmates into his dorm on May 18, 2018, after which the inmates stabbed

Plaintiff.  *Id*.  Plaintiff also sues Jane Doe I, a "Medical Nurse," for failing to provide him further medical treatment to his stab wounds.  *Id*.  As relief, Plaintiff seeks both compensatory and punitive damages.  *Id*.

After screening Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that it failed to state a claim and gave Plaintiff an opportunity to amend his claims.  ECF Doc. 5.  On December 27, 2021, Plaintiff filed an amended complaint.[1]  ECF Doc. 6.  At the end of the amended complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing, including all continuation pages, are true and correct."  *Id*. at 7.  Despite that declaration, Plaintiff failed to disclose a prior federal action, which was dismissed as malicious and for abuse of the judicial process.

First, Section IV.B. of Plaintiff's amended complaint, titled "Previous Lawsuits," asks Plaintiff "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?"  *Id*. at 3.  In response, Plaintiff checked this box "Yes," and listed the instant case and, on a separate

---

[1] Even if Plaintiff's amended complaint was not dismissed for failure to disclose, Plaintiff's amended complaint does not cure the deficiencies described in the Court's Amend Order, ECF Doc. 5, and, thus, would nonetheless be subject to dismissal.  Plaintiff fails to state a deliberate indifference failure-to-protect claim because there are no allegations that Officer John Doe I actually knew that Plaintiff faced a substantial risk of serious harm.  Likewise, Plaintiff's deliberate indifference to a serious medical need claim fails because Plaintiff does not allege facts sufficient to show that Nurse Jane Doe I disregarded that risk and had conduct that was more than mere negligence.

attachment, listed *Washington v. Moots, et al.*, 3:20-cv-01400-HES-JBT (M.D. Fla.). *Id.* at 3, 8. As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation, the undersigned notes that Plaintiff filed the following federal case just seven (7) months prior to filing the instant action: *Washington v. Medical Staff, Inc.*, et al., 3:21-cv-603-LC-HTC. Although Plaintiff disclosed the case in his original complaint, he did not do so in the amended complaint, which is the operative pleading. This case involved the same May 18, 2018, incident in which Plaintiff was attacked by inmates that Officers let into his housing unit. *See* ECF Doc. 9, *Medical Staff, Inc.*, et al., 3:21-cv-603-LC-HTC.

That was not Plaintiff's only misrepresentation. Plaintiff was also required to disclose the prior action in Section IV.C. of the amended complaint. Section IV.C. asks whether Plaintiff has "initiated other actions . . . in either state or federal court that relate to the fact or manner of [his] incarceration . . . or the condition of [his] confinement." *Id.* at 4. Plaintiff checked the box "No" and did not disclose any

actions. *Id*. However, as detailed above, Plaintiff's claims related to the conditions of his confinement.

Lastly, Plaintiff was also required to disclose the prior action in Section IV.D. of the amended complaint. Section IV.D. asks whether Plaintiff has "ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior service?" *Id.* at 4. Plaintiff checked the box "Yes" but did not disclose the prior action, which was dismissed without prejudice as malicious for Plaintiff's abuse of the judicial process for failure to disclose his litigation history. *See* ECF Doc. 17, *Medical Staff, Inc.*, et al., 3:21-cv-603-LC-HTC. Instead, he disclosed this action. Thus, Plaintiff's representation in Section IV.D. was also untruthful.

Because Plaintiff has already had a case dismissed for failure to disclose, Plaintiff is well aware of the importance of disclosing his complete litigation history and the need to be careful when doing so. Thus, any attempt to justify the omission as inadvertent would be groundless, as Plaintiff is very familiar with filing complaints and his responsibility of candor to the Court. *See Redmon v. Lake Cty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming district court's finding of abuse of judicial process despite plaintiff's argument that "he did not understand the complaint form"); *Sears v. Haas*, 509 F. App'x 935, 935-936 (11th Cir. 2013) (finding district court did not err in dismissing plaintiff's complaint where plaintiff argued in an objection that his "omissions were inadvertent" and later

appealed arguing that "his case had merit"). Moreover, Plaintiff knew from reading the amended complaint form that such dishonestly could result in dismissal. Indeed, it expressly warned that "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." ECF Doc. 6 at 3. Nonetheless, Plaintiff failed to disclose a recently filed federal case.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.

An appropriate sanction for Plaintiff's abuse of the judicial process here is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file on this matter.

Done at Pensacola this 18th day of January 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv2571-MCR-HTC